**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

GEORGE CORDOVA,

        Plaintiff,

v.                                                                                            No. CIV-00-0392 JP/DJS

OTERO COUNTY COMMISSIONER'S,
NORMAN MICK, Previous
Administrator, Otero County
Detention Center, VIC JENKINS,
Administrator, Otero County
Detention Center, VIRGINIA
BLANSETT, Lieutenant, Otero
County Detention Center,
EARNIE GRANODOS, EARNIE
MELENDEZ and RANDY BOOKOUT,
Sergeant's. Otero County
Detention Center, ART
GRAMMONT, Otero County
Detention Center, Medical
Officer, DOCTOR SINGH,
Doctor under contract with
the Otero County Detention
Center, JOHN and JANE DOES,
1 thru 5, Otero County
Detention Center Officials.
INDIVIDUALLY AND IN THEIR
OFFICIAL CAPACITIES AS
COUNTY AND STATE EMPLOYEES,
FOR THE OTERO COUNTY
DETENTION CENTER,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

        This matter is before the Court on Defendants' motion under Fed.R.Civ.P. 12(e) for a more definite statement (Doc. #5) filed March 30, 2000, and *sua sponte* to review Plaintiff's civil rights

complaint under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6).  Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis.  For the reasons below, the motion for a more definite statement will be denied, and certain of Plaintiff's claims will be dismissed.

Defendants contend in the motion that, because Plaintiff's complaint is not made up of numbered paragraphs and referenced exhibits are not attached, Defendant cannot reasonably be required to frame a responsive pleading.  Defendants ask that Plaintiff be required to cure the asserted deficiencies.  Plaintiff's claims must only satisfy the requirement in Fed.R.Civ.P. 8(a) that a complaint initiating a new civil action contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  As noted below, the complaint alleges Defendants placed Plaintiff in a known dangerous situation and denied him necessary medical treatment.  Plaintiff's complaint is not "an unintelligible pleading," *Black & Veatch Int'l Co. v. Wartsila NSD North America*, No. CIV. A. 97-2556-GTV, 1998 WL 264738, at *1 (D. Kan. 1998), and Defendant is "sufficiently apprised of the nature of the action." *United States v. Gustin-Bacon Div., Certainteed Prod. Corp.*, 426 F.2d 539, 543 (10th Cir. 1970).  The motion will be denied.  *See* Fed.R.Civ.P. 12(a)(4)(A).

Notwithstanding the denial of the motion, the Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted."  The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to

pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint comprises two sets of allegations. First, Plaintiff alleges that Defendants, in retaliation for Plaintiff's grievances and complaints, placed him in a known dangerous situation; Plaintiff suffered severe injuries during an assault by other inmates as a result of Defendants' failure to segregate him; and he was denied necessary medical treatment for his injuries. Second, he complains about a variety of conditions of confinement at the Otero County Detention Center ("OCDC"). The complaint seeks damages and injunctive relief.

Plaintiff's claims against Defendants in their official capacities will be dismissed. These claims are the equivalent of claims against the county agencies who employ Defendants. *Meade v. Grubbs*, 841 F.2d 1512, 1529 (10th Cir. 1988). Plaintiff has failed, however, affirmatively to link the county or any agencies to the acts allegedly committed by their employees. A local governmental agency or municipality cannot be held liable for the acts of its employees solely under a theory of respondeat superior. *Sauers v. Salt Lake County*, 1 F.3d 1122, 1129 (10th Cir. 1993)*; Jantz v. Muci*, 976 F.2d 623, 630 (10th Cir. 1992); *Butcher v. City of McAlester*, 956 F.2d 973, 977-78 (10th Cir. 1992). Nor does the complaint indicate any personal involvement by the County Commissioners in the alleged violations. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). Accordingly, Plaintiff's claims against all Defendants in their official capacities, and against the Defendants County Commissioners in their individual capacities, will be dismissed.

In addition to the Eighth Amendment claims related to the alleged assault, the complaint sets out a number of claims for a variety of conditions at OCDC. The allegations include backed up sewer lines, inadequate drinking water, roach infestations, denial of recreation and library access, and

3

inadequate treatment for depression. "The Constitution . . . 'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349, 347 (1981)). "To the extent that [prison] conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offense against society." *Rhodes*, 452 U.S. at 346-47. Furthermore, the allegations about medications for depression only amount to a disagreement over prescribed treatment. *Quarterman v. Bort*, No. 99-8076, 2000 WL 223598, at \*\*1 (10th Cir. 2000); *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976). Viewed under these standards, none of Plaintiff's grievances rises to the level of an Eighth Amendment violation.

Judgment will be entered on Plaintiff's claims in favor of Defendants Mick, Jenkins, Blansett, Granados, Melendez, Bookout, Grammont, Singh, and Does in their official capacities, and in favor of Defendants County Commissioners in their individual and official capacities. Because these parties are no longer named Defendants, dismissal of claims against them is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956), *quoted in Wheeler Mach. Co. v. Mountain States Mineral Enter., Inc.*, 696 F.2d 787, 789 (10th Cir. 1983). Judgment will also be entered in favor of all Defendants on Plaintiff's claims of unconstitutional conditions of confinement set out on pages 10-11 of the complaint. The Court therefore expressly determines that there is no just reason for delay of entry of judgment on the order of dismissal, and accordingly will direct entry of final judgment as to these Defendants and these claims. Fed.R.Civ.P. 54(b).

IT IS THEREFORE ORDERED that Defendants' motion for a more definite statement (Doc.

#5) filed March 30, 2000, is DENIED;

IT IS FURTHER ORDERED that Plaintiff's claims against all Defendants in their official capacities, and against Defendants County Commissioners in their entirety, be DISMISSED with prejudice;

IT IS FURTHER ORDERED that Plaintiff's claims of unconstitutional conditions of confinement set out on pages 10-11 of the complaint be DISMISSED with prejudice; and a form of judgment will be entered in accordance with Fed.R.Civ.P. 54(b).

_____
UNITED STATES DISTRICT JUDGE