IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GEORGE CORDOVA,

    Plaintiff,

vs.  Civ. No. 00-392 JP/DJS

OTERO COUNTY COMMISSIONERS,
NORMAN MICK, Previous Administrator,
Otero County Detention Center, VIC JENKINS,
Administrator, Otero County Detention Center,
VIRGINIA BLANSETT, Lieutenant, Otero County
Detention Center, EARNIE GRANADOS,
Sergeant, Otero County Detention Center, ART
GRAMMONT, Otero County Detention Center,
DOCTOR SINGH, Doctor under contract with the
Otero County Detention Center, JOHN and JANE
DOES, 1 thru5, Otero County Detention Center
Officials, INDIVIDUALLY AND IN THEIR OFFICIAL
CAPACITIES AS COUNTY AND STATE EMPLOYEES,
FOR THE OTERO COUNTY DETENTION CENTER,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On January 6, 2003, the Plaintiff filed a Motion to Proceed with the Exhaustion of Plaintiff's Administrative Remedies (Doc. No. 89). On January 28, 2003, the Court granted the motion to proceed to the extent to allow the Plaintiff to file, not later than February 10, 2003, a statement explaining his position regarding exhaustion of administrative remedies. The Court allowed the Defendants until February 20, 2003 to respond to the Plaintiff's statement regarding exhaustion of administrative remedies.

On February 10, 2003, the Plaintiff stated in a written pleading that he exhausted his administrative remedies and that he now wants a trial set in this case. The Defendants

subsequently responded that the Plaintiff has not fully exhausted his administrative remedies. The Defendants also responded, in the alternative, that if the Court determines that the Plaintiff exhausted his administrative remedies the Court should proceed to consider the merits of the *Martinez* report and other dispositive motions that have been filed thus far in this lawsuit. Having reviewed the briefs[1] and relevant law, the Court finds that the Plaintiff's motion to proceed should be denied.

A.  Relevant Procedural History

On October 4, 2001, the Honorable Magistrate Judge Don Svet recommended dismissing the Plaintiff's *Bivens* claim with prejudice and dismissing the Plaintiff's Eighth Amendment claims without prejudice for failure to exhaust administrative remedies. The Court adopted Judge Svet's proposed findings and recommended disposition and entered a final judgment on November 11, 2001 (Doc. Nos. 80 and 81).

Soon after Judge Svet entered his proposed findings and recommended disposition and shortly after the final judgment was entered in this case, the Plaintiff began to exhaust his administrative remedies with respect to his Eighth Amendment claims. He submitted three grievances with the Otero County Detention Center (OCDC) on October 15, 2001, and a fourth grievance on November 15, 2001. On February 28, 2002, the OCDC found those four grievances to be without merit and notified the Plaintiff that he had 30 days from the receipt of the decision to file an appeal. The Plaintiff claims that he did not receive the decision until March 11, 2002, because it was not mailed to him until March 7, 2002. The Plaintiff appealed the decision on

---

[1]Although not ordered to, the Plaintiff filed a reply to the Defendants' response on March 10, 2003.

April 11, 2002. OCDC did not address the appeal because the Plaintiff was released from jail on March 31, 2002.[2]

On April 18, 2002, the Plaintiff filed a Motion to Enter and Proceed (Doc. No. 83) which requested a trial date. Apparently, the Plaintiff had not received the final judgment dated November 16, 2001. On December 18, 2002, the Court denied the Motion to Enter and Proceed, directed the Clerk to mail a copy of the final judgment to the Plaintiff's new mailing address, and granted an extension of time to January 2, 2003 to either file a notice of appeal or to proceed with exhaustion of administrative remedies. The Plaintiff then filed on January 6, 2003, the motion to proceed which is the subject of this Memorandum Opinion and Order.

B. Discussion

The Prisoner Litigation Reform Act (PLRA) at 42 U.S.C. §1997e(a) provides that "no action shall be brought with respect to prison conditions under section1983 ... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Section 1997e(a) makes exhaustion mandatory. *Garrett v. Hawk*, 127 F.3d 1263, 1265 (10th Cir. 1997), *overruled on other grounds*, *Booth v. Churner*, 532 U.S. 731 (2001). "Under the pre-PRLA version of §1997e, courts were directed to stay actions not administratively exhausted 'if the court believed[d] that such a requirement would be appropriate and in the interests of justice.' Under the current version, by contrast, courts are directed that '[n]o action shall be brought ... until such administrative remedies as are available are exhausted.'" *Id*. (citations omitted). This change in the language of §1997e(a) eliminated the Court's ability to stay an action to allow a plaintiff to exhaust administrative remedies. Instead, the Court is

---

[2]The Plaintiff has since returned to jail and is purportedly incarcerated at OCDC.

required to dismiss the unexhausted claims without prejudice. *Neal v. Goord*, 267 F.3d 116, 122 (2nd Cir. 2001), *overruled in part on other grounds by Porter v. Nussle*, 534 U.S. 516 (2002)(citing *Perez v. Wis. Dept. of Corr.*, 182 F.3d 532, 537(7th Cir 1999)(a suit filed prior to exhaustion of administrative remedies must be dismissed)). *See also McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002)("We join eight other courts of appeals in holding that dismissal is required under 42 U.S.C. §1997e(a)."); *Medina-Claudio v. Rodriguez-Mateo*, 292 F.3d 31, 36 (1st Cir. 2002)("Since Congress clearly made the exhaustion of administrative remedies a necessary antecedent to filing a claim in federal court, we decline to order the continuance of appellant's case. Dismissal is appropriate."). Moreover, "exhausting administrative remedies after a complaint is filed will not save a case from dismissal." *Neal*, 267 F.3d at 121-22. *See also McKinney*, 311 F.3d at 1399; *Medina-Claudio*, 292 F.3d at 36. Once the unexhausted claims have been dismissed without prejudice, a plaintiff can cure the failure to exhaust administrative remedies by exhausting those remedies and then filing a new lawsuit. *Neal*, 267 F.3d at 123. *See also Jackson v. District of Columbia*, 254 F.3d 262, 270-71 (D.C. Cir. 2001); *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997); *Houze v. Segarra*, 217 F.Supp.2d 394, 399 (S.D. N.Y. 2002).

      The Plaintiff, in this case, alleges that he exhausted his administrative remedies after the Court dismissed the Eighth Amendment claims without prejudice. The proper procedure for raising those allegedly exhausted Eighth Amendment claims is to file a new lawsuit which raises those claims. The Plaintiff does not have the option of reopening this case. *See Gunther v. Ohio Dept. of Corrections*, 1999 WL 1045168 (6th Cir.).

IT IS ORDERED that Plaintiff's Motion to Proceed with the Exhaustion of Plaintiff's Administrative Remedies (Doc. No. 89) is denied.

*[signature: James A. Parker]*
CHIEF UNITED STATES DISTRICT JUDGE